IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT S. BROOKS, JR.,

        Plaintiff,

vs.                                                       NO. 1:12-cv-01249-MV-SMV

BOARD OF EDUCATION, FARMINGTON
MUNICIPAL SCHOOLS, and JANEL RYAN,

        Defendants.

**<u>CONFIDENTIALITY ORDER</u>**

      The parties to this Consent Confidentiality Order have agreed to the terms of this Order; accordingly, it is ORDERED:

      The Court has determined that the terms set forth herein are appropriate to protect the respective interests of the parties, the public, and the Court. Accordingly, it is ORDERED:

      **1. Scope.**  All documents produced in the course of discovery, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning confidential information as set forth below. This Order is subject to the Local Rules of this District and of the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

      **2. Form and Timing of Designation.**  A party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL"  on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the "CONFIDENTIAL" designation.

Documents shall be designated "CONFIDENTIAL" prior to or at the time of the production or disclosure of the documents.  The designation "CONFIDENTIAL" does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

      3.  **Documents Which May be Designated CONFIDENTIAL.**  Any party may designate documents as "CONFIDENTIAL" but only after review of the documents by an attorney who has in good faith determined that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, trade secrets, personnel records, or commercial information.  The designation shall be made subject to the standards of Rule 11 and the sanctions of Rule 37 of the Federal Rules of Civil Procedure.  Information or documents that are available in the public sector may not be designated as "CONFIDENTIAL."

      4.  **Depositions.**  Deposition testimony shall be deemed CONFIDENTIAL only if designated as such. Such designation shall be specific as to the portions to be designated CONFIDENTIAL.  Depositions, in whole or in part, shall be designated on the record as CONFIDENTIAL at the time of the deposition. Deposition testimony so designated shall remain CONFIDENTIAL until 20 days after delivery of the transcript by the court reporter. Within 20 days after delivery of the transcript, a designating party may serve a Notice of Designation to all parties of record as to specific portions of the transcript to be designated CONFIDENTIAL. Thereafter, those portions so designated shall be protected as CONFIDENTIAL pending objection under the terms of this Order.  The failure to serve a Notice of Designation shall waive the CONFIDENTIAL designation made on the record of the deposition.

**5.   Protection of Confidential Material.**

**(a) General Protections.**  Documents designated CONFIDENTIAL under this Order shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in ¶ 5(b) for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof.

**(b) Limited Third-Party Disclosures.**  The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL documents to any third person or entity except as set forth in subparagraphs (1)-(6). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL:

> **(1) Counsel.**  Counsel for the parties and employees of counsel who have responsibility for the preparation and trial of the action;
>
> **(2) Parties.**  Parties and employees of a party to this Order [but only to the extent counsel determines that the specifically named individual party or employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed].
>
> **(3) Court Reporters and Recorders.**  Court reporters and recorders engaged for depositions;
>
> **(4) Contractors.** Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents but only after each such person has completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

**(5) Consultants and Experts.** Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound; and

**(6) Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

**(c) Control of Documents.** Counsel for the parties shall make reasonable efforts to prevent unauthorized disclosure of documents designated as CONFIDENTIAL pursuant to the terms of this Order.

**(d) Copies.** Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL" if the word does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

**6. Filing of CONFIDENTIAL Documents Under Seal.** Before any document marked as CONFIDENTIAL is filed with the Clerk the party filing the document shall make reasonable

efforts to ensure that the document is protected from public disclosure. The filing party shall first consult with the party which originally designated the document as CONFIDENTIAL to determine whether, with the consent of that party, a redacted document may be filed with the Court not under seal. Where agreement is not possible or adequate, a confidential document may be electronically filed under seal.

**7. No Greater Protection of Specific Documents.** No party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

**8. Challenges by a Party to Designation as Confidential.** Any CONFIDENTIAL designation is subject to challenge by any party or non-party (hereafter "party"). The following procedure shall apply to any such challenge.

**(a) Objection to Confidentiality.** Within 30 days of the receipt of any document designated CONFIDENTIAL or of the refusal to produce a document on the ground of such designation, a party may serve upon the designating party an objection to the designation. The objection shall specify the documents to which the objection is directed and shall set forth the reasons for the objection as to each document or category of documents. CONFIDENTIAL documents to which objection has been made shall remain CONFIDENTIAL until designated otherwise by waiver, agreement or order of the Court.

**(b) Obligation to Meet and Confer.** The objecting party and the party which designated the documents to which objection has been made shall have 15 days from service of the objection to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the CONFIDENTIAL designation as to

any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

**(c) Obligation to File Motion.** In the absence of agreement as to any documents designated CONFIDENTIAL, the designating party shall file within 30 days of the service of the objection a motion to retain the CONFIDENTIAL designation. The moving party has the burden to show good cause for the CONFIDENTIAL designation. The failure to file the motion waives the CONFIDENTIAL designation of documents to which objection was made.

9.  **Action by the Court.**  Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

10.  **Use of Confidential Documents or Information at Trial.** A party which intends to present or which anticipates that another party may present at trial CONFIDENTIAL documents or information derived therefrom shall identify the issue, not the information, in the pretrial memorandum. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

11. **Obligations on Conclusion of Litigation.**

**(a) Order Remains in Effect.**  Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

**(b) Return of CONFIDENTIAL documents.**  Within thirty days after dismissal or entry of final judgment not subject to further appeal, all documents treated as CONFIDENTIAL under this Order, including copies as defined in ¶ 5(d), shall be returned to the producing party unless: (1) the document has been offered into evidence

or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.  Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to information designated CONFIDENTIAL, so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents. This work product shall continue to be CONFIDENTIAL under this Order.  An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use CONFIDENTIAL documents.

**(c) Deletion of Documents Filed under Seal from ECF System.**  Filings under seal shall be deleted by the Court on its own motion, of a party or any other person with standing, concerning the subject matter.

**12. Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter.

**13.  No Prior Judicial Determination.**  This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL by counsel or the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

**14. Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

*SO ORDERED.*

_____
STEPHAN M. VIDMAR
UNITED STATES MAGISTRATE JUDGE

**WE SO MOVE**
**and agree to abide by the**
**terms of this Order**

J. EDWARD HOLLINGTON & ASSOCIATES, P.A.

\_\_/s/_____
J. Edward Hollington
Diane P. Donaghy
Attorneys for Plaintiff

**WE SO MOVE/CONSENT**
**and agree to abide by the**
**terms of this Order**

GERMAN & ASSOCIATES, LLC

\_\_/s/_____
Jason M. Burnette
Elizabeth L. German
Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT S. BROOKS, JR.,

        Plaintiff,

vs.                                        CIVIL NO. CV-12-01249 MV/WDS

BOARD OF EDUCATION, FARMINGTON
MUNICIPAL SCHOOLS, and JANEL RYAN,

        Defendants.

## ACKNOWLEDGMENT
## AND
## AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated in the above captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the District of New Mexico in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use documents designated CONFIDENTIAL in accordance with the Order solely for the purposes of the above captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

    Name: _____

    Job Title: _____

    Employer: _____

Business Address: _____

_____

Date:_____        _____
                           Signature