IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ROBERT S. BROOKS, JR.,**

    **Plaintiff,**

**v.**                                **No. 12-cv-1249 MV/SMV**

**FARMINGTON MUN. SCH. and
JANEL RYAN,**

    **Defendants.**

## ORDER RESCHEDULING SETTLEMENT CONFERENCE

THIS MATTER is before the Court on the parties' telephonic joint request to reschedule the Settlement Conference. The Settlement Conference was originally set for July 2, 2013, at 1:00 p.m. in Albuquerque, New Mexico. Parties now seek to reschedule it for August 12, 2013. The Court FINDS that good cause to reschedule the Settlement Conference has been shown.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that the Court's Order Setting Settlement Conference [Doc. 35] is **VACATED**.

**IT IS FURTHER ORDERED** that a mandatory Settlement Conference will be conducted in accordance with Rule 16(a)(5) of the Federal Rules of Civil Procedure. The conference will be held on **August 12, 2013, at 1:00 p.m.** in the Hondo Courtroom, fourth floor, Pete V. Domenici United States Courthouse at 333 Lomas Boulevard Northwest in Albuquerque, New Mexico.

The parties or a designated representative, other than counsel of record, with full authority to resolve the case, must attend in person. Counsel who will try the case must also attend in person. Those attending the settlement conference must treat as confidential the

information discussed, positions taken, and offers made by other participants in preparation for and during the conference.[1] *See generally Hand v. Walnut Valley Sailing Club*, No. 11-3228, 2012 WL 1111137 (10th Cir. Apr. 2, 2012) (unpublished) (affirming dismissal of case as sanction for violating confidentiality of settlement conference).

No later than **Monday, July 29, 2013**, Plaintiff shall serve on Defendants a letter setting forth at least the following information: (a) a brief summary of the evidence and legal principles that Plaintiff asserts will allow him to establish liability; (b) a brief explanation of why damages or other relief would be warranted; (c) an itemization of the principles supporting those damages; and (d) a settlement demand.  No later than **Friday, August 2, 2013**, Defendants shall serve on Plaintiff a letter that sets forth at least the following information: (a) any points in Plaintiff's letter with which the defense agrees; (b) any points in Plaintiff's letter with which the defense disagrees, with references to supporting evidence and legal principles; and (c) a counteroffer.[2]  If a release is contemplated, defense counsel shall include a proposed form of release with the letter.  Each of these letters typically should be five pages or fewer, and counsel must ensure that each party reads the opposing party's letter before the Settlement Conference.  If the case does not settle, Plaintiff shall provide copies of these letters to the Court no later than **5:00 p.m. on Monday, August 5, 2013**.

---

[1] This does not prohibit disclosures stipulated to by the parties, necessary in proceedings to determine the existence of a binding settlement agreement, or as otherwise required by law.

[2] If the parties have engaged in settlement negotiations, Plaintiff's demand should be lower than Plaintiff's most recent demand, and Defendants' counteroffer should be higher than Defendants' most recent counteroffer.

No later than **5:00 p.m. on Monday, August 5, 2013**, each party must provide the Court, in confidence, a concise position statement (typically no more than ten pages) containing an analysis of the strengths and weaknesses of its case. Position statements must be submitted to the Court by e-mail at VidmarChambers@nmcourt.fed.us.[3]

Furthermore, if any party has in its possession any video or audio recording of the incident upon which this action is based, that party must submit a copy of the recording to the Court no later than **5:00 p.m. on Monday, August 5, 2013**.

The Settlement Conference will not be vacated or rescheduled except upon motion and for good cause shown. Any motion to vacate or reschedule the Settlement Conference shall provide the Court with sufficient notice to ensure that other matters may be scheduled in the time allotted for the Settlement Conference.

The Court may contact counsel ex parte prior to the Settlement Conference to discuss the Settlement Conference.

**IT IS THEREFORE ORDERED** as follows:

| | |
|---|---|
| **Plaintiff's letter and settlement demand due to Defendants:** | July 29, 2013 |
| **Defendants' letter and counteroffer due to Plaintiff:** | August 2, 2013 |
| **Plaintiff provides copies of settlement letters to the Court by:** | August 5, 2013, by 5:00 p.m. |

---

[3] Each e-mail message and its attachments cannot exceed 5 MB. Data exceeding 5 MB should be submitted in individual e-mail messages, each less than 5 MB.

| | |
|---|---|
| **Parties' confidential position statements due to the Court:** | August 5, 2013, by 5:00 p.m. |
| **Settlement Conference:** | August 12, 2013, at 1:00 p.m. |

    **IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**